(No. 1660— ▮▮▮▮▮▮)

ALWART BROS. COAL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

MONAHAN & MONAHAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This matter coming before the court on a demurrer to the declaration filed by the claimant on October 15th, 1930, and the declaration alleges that Alwart Bros. Coal Company of Delaware is the claimant and has a claim against the State of Illinois, for the sum of Ninety Dollars ($90.00), arising out of the fact that through error this corporation was confused with the Alwart Bros. Coal Company, an Illinois Corporation, with an outstanding capital stock of Two Hundred Thousand Dollars ($200,000.00), which later changed its name to Alwart Coal Company; the Delaware corporation having been authorized to do business in the State of Illinois with capital stock of One Thousand Dollars ($1,000.00), the Delaware corporation having paid One Hundred Dollars ($100.00) as a franchise tax when it should have paid Ten Dollars ($10.00), which was done on July 15th, 1929.

It does not appear from the declaration the amount of franchise tax assessed against the Illinois corporation, Alwart Coal Company, or whether it paid any franchise tax. It is not averred that the error was the result of a mutual mistake, neither is it averred that the tax was paid under protest. Under the Illinois Statute, whenever money is paid to the Secretary of State for the State of Illinois, it is his duty to hold the same for thirty (30) days, when such funds are paid

under protest, and then such funds are to be paid over to the State Treasurer unless the party making such payment shall within such period file a bill in chancery and secure a temporary injunction restraining the making of such deposit; in which case such payment shall be held until the final order or decree of the court.

A tax voluntarily paid cannot be recovered back.

*Western Electric Co.* vs. *State*, 6 C. C. R. 414.
*American Bridge Co.* vs. *State*, 6 C. C. R. 485.
*Commercial Solvents Corp.* vs. *State*, 6 C. C. R. 442.
*Conkling* vs. *City of Springfield*, 132 Ill. 420.
*Yates* vs. *Royal Ins. Co.* 200 Ill. 202, 206.

Judge Dillon, in his work on Municipal Corporations, (3d ed. sec. 944) in discussing this question, makes the following statement:

"Money voluntarily paid to a corporation under a claim of right, without fraud or imposition, for an illegal tax, license or fine, cannot, there being no coercion, no ignorance or mistake of facts but only ignorance or mistake of the law, be recovered back from the corporation, either at law or in equity, even though such tax, license, fee or fine could not have been legally demanded and enforced."

We, therefore, sustain the demurrer and the claimant will have thirty (30) days from the filing hereof, to file an amendment to his declaration and if no amendment is filed within the said period of thirty (30) days, this claim will be dismissed for want of prosecution.